UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Workers' Compensation Reinsurance
Association and Minnesota Workers'
Compensation Insurers Association, Inc.,

       Plaintiffs,

v.                                                                                                  Civil No. 07-3371 (JNE/AJB)
                                                                                                  ORDER

American International Group, Inc., AIU
Insurance Company, AIG Casualty (formerly
Birmingham Fire Insurance Company of
Pennsylvania), American Home Assurance
Company, Commerce & Industry Insurance
Company, Granite State Insurance Company,
Illinois National Insurance Company, National
Union Fire Insurance Company of Pittsburgh,
Pennsylvania, New Hampshire Insurance
Company, and The Insurance Company of the
State of Pennsylvania,

       Defendants.

      Workers' Compensation Reinsurance Association (WCRA) and Minnesota Workers' Compensation Insurers Association, Inc., (Plaintiffs) brought claims against several insurers (Defendants) under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c), (d) (2000), and for unjust enrichment and fraud. Defendants moved to dismiss. In a Report and Recommendation dated February 28, 2008, the magistrate judge recommended that the motion be granted in part and denied in part. The magistrate judge recommended that the motion be denied insofar as Defendants asserted that Plaintiffs lacked standing and failed to state RICO claims. The magistrate judge recommended that the motion be granted with respect to the claim for unjust enrichment. Plaintiffs and Defendants objected to the Report and Recommendation. The Court has conducted a de novo review of the record. *See* D. Minn. LR

1

72.2(b).  Based on that review, the Court dismisses the RICO claims with prejudice and dismisses the state-law claims without prejudice.

*Standing*

Defendants object to the magistrate judge's conclusion that Plaintiffs have standing.  The Court adopts the Report and Recommendation on this issue.

*RICO*

In Count I of the Complaint, Plaintiffs assert a claim for violation of 18 U.S.C. § 1962(c), which provides that it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  In *Reves v. Ernst & Young*, 507 U.S. 170 (1993), the Supreme Court held that "one must participate in the operation or management of the enterprise itself" to conduct or participate, directly or indirectly, in the conduct of the enterprise. 507 U.S. at 185.  Although a defendant need not wield control over the enterprise to be liable under section 1962(c), the defendant must have "*some* part in directing the enterprise's affairs." *Reves*, 507 U.S. at 179; *see Handeen v. Lemaire*, 112 F.3d 1339, 1348 (8th Cir. 1997). Defendants object to the magistrate judge's conclusion that Plaintiffs sufficiently alleged Defendants' operation or management of the alleged enterprise.

The Court's review of the Complaint reveals that Plaintiffs failed to allege Defendants' operation or management of the alleged enterprise.  Plaintiffs, Defendants, and all other workers' compensation insurers doing business in Minnesota comprise the enterprise.  According to Plaintiffs, Defendants participated in the conduct of the enterprise by submitting false data to Plaintiffs.  The false data caused Plaintiffs to calculate and bill premiums and assessments to

2

Defendants that were lower than the premiums and assessments would have been had Defendants provided accurate data.  Higher premiums and assessments were billed to workers' compensation insurers other than Defendants.

Plaintiffs rely on *Aetna Casualty Surety Co. v. P & B Autobody*, 43 F.3d 1546 (1st Cir. 1994), to support their assertion that they sufficiently alleged Defendants' operation or management of the enterprise.  In that case, the First Circuit rejected the appellants' contention that no reasonable jury could have found that the appellants participated in the operation of the enterprise's affairs.  43 F.3d at 1559.  The court of appeals reasoned that the appellants had participated in the operations of an insurer "[b]y acting with purpose to cause [the insurer] to make payments on false claims."  *Id.*  The Court does not find Plaintiffs' reliance on *P & B Autobody* persuasive.  *Cf. Handeen*, 112 F.3d at 1349-51 & n.13 (noting that Chapter 13 debtor exercises "significant control" over and "stands at the helm" of the bankruptcy estate and concluding that plaintiff sufficiently alleged law firm's participation in conduct of alleged RICO enterprise, the bankruptcy estate, where law firm "might have been the beneficiary of considerable abdication" by debtor); *Bennett v. Berg*, 710 F.2d 1361, 1364 (8th Cir. 1983) (en banc) ("[T]he en banc court is concerned that the complaint may be deficient as failing to allege adequately the requisite *degree* of participation in or conduct of the affairs of an enterprise on the part of each named defendant.").  Plaintiffs alleged Defendants' conduct or participation in Defendants' own affairs, not those of the enterprise itself.  Plaintiffs' allegations are insufficient to state a claim under section 1962(c).  *See Reves*, 507 U.S. at 185 (stating that "liability depends on showing that the defendants conducted or participated in the conduct of the '*enterprise's* affairs,' not just their *own* affairs"); *Bennett*, 710 F.2d at 1364 ("Mere participation in the predicate offenses listed in RICO, even in conjunction with a RICO enterprise, may be

3

insufficient to support a RICO cause of action."); *see also Tal v. Hogan*, 453 F.3d 1244, 1270 (10th Cir. 2006) ("Misrepresenting material facts to influence a selection process is a serious allegation to be sure, but does not rise to the level of participation in the operation or management of the Renewal Authority and the city council."), *cert. denied*, 127 S. Ct. 1334 (2007). The Court dismisses Count I.

In Count II, Plaintiffs allege that Defendants violated 18 U.S.C. § 1962(d), which states that it is "unlawful for any person to conspire to violate any of the provisions of subsection . . . (c) of this section." Before the magistrate judge, Defendants argued that Plaintiffs' conspiracy claim should be dismissed because Plaintiffs had failed to state a claim under section 1962(c). Plaintiffs responded that their conspiracy claim should not be dismissed because they had sufficiently alleged a claim under section 1962(c). Having dismissed Plaintiffs' claim under section 1962(c), the Court also dismisses Plaintiffs' conspiracy claim.

*State-law claims*

Although the parties do not raise the issue of jurisdiction over Plaintiffs' state-law claims, the Court considers Plaintiffs' jurisdictional allegations here. In addition to federal question and supplemental jurisdiction, Plaintiffs assert diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332(a), 1367 (2000). Section 1332 provides that district courts have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000. *Id.* § 1332(a)(1). It "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Here,

Plaintiffs did not specifically allege the citizenship of each party. They therefore failed to satisfy their burden to establish diversity jurisdiction. *See Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

Without diversity jurisdiction, the sole basis for jurisdiction over Plaintiffs' state-law claims is section 1367(a), which permits a district court to exercise supplemental jurisdiction over claims that are part of the same case or controversy as claims that fall within its original jurisdiction. A district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed all claims within its original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims. *See Gregoire v. Class*, 236 F.3d 413, 419-20 (8th Cir. 2000); *Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998). The Court therefore declines to adopt the Report and Recommendation with regard to the claim for unjust enrichment and dismisses Plaintiffs' state-law claims without prejudice.

Approximately one month before the magistrate judge issued the Report and Recommendation, the magistrate judge heard the parties' discovery motions. Having dismissed Plaintiffs' claims, the Court denies the discovery motions as moot.

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss [Docket No. 13] is GRANTED IN PART and DENIED IN PART.

2. Counts I and II of Plaintiffs' Complaint [Docket No. 1] are DISMISSED WITH PREJUDICE.

3. Counts III and IV of Plaintiffs' Complaint [Docket No. 1] are DISMISSED WITHOUT PREJUDICE.

5

4. Plaintiffs' Motion to Compel Discovery [Docket No. 30] is DENIED AS MOOT.

5. Defendants' Motion to Compel Discovery Responses, for Entry of Protective Order, and for Award of Expenses [Docket No. 38] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 28, 2008

s/ Joan N. Ericksen<br>JOAN N. ERICKSEN<br>United States District Judge